UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>TELECARE MENTAL HEALTH SERVICES OF WASHINGTON, INC.,<br><br>Defendants. | NO.<br><br>COMPLAINT<br><br>JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act, as amended by the ADA Amendments Act of 2008, 42 U.S.C. § 12101 *et. seq.*, (ADA) to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Jason Hautala who was adversely affected by such practices and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.  The Equal Employment Opportunity Commission (EEOC) alleges that Defendant Telecare Mental Health Services of Washington, Inc., violated the ADA when it withdrew a conditional job offer thereby refusing to hire Jason Hautala based on his actual or perceived disability.

COMPLAINT – 1

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 First Ave., Suite 400
Seattle, Washington 98104
Phone (206) 220-6884
Fax (206) 220-6911
TDD (206) 220-6882

# JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 (ADA), as amended, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-5(f)(1) and (3) (Title VII), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. Defendant committed the alleged unlawful employment practices in Seattle and Shelton, Washington which are within the jurisdiction of the United States District Court for the Western District of Washington.

# PARTIES

3. Plaintiff, the U.S. Equal Employment Opportunity Commission (the Commission or EEOC), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Telecare has been a California corporation continuously doing business in the Seattle and Shelton, Washington and employing at least fifteen (15) employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

COMPLAINT – 2

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 First Ave., Suite 400
Seattle, Washington 98104
Phone (206) 220-6884
Fax (206) 220-6911
TDD (206) 220-6882

6. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7. More than thirty (30) days prior to the institution of this lawsuit, Charging Party Jason Hautala filed a charge of discrimination with the EEOC against Defendant Telecare Corporation alleging that Telecare discriminated against him in violation of Title I of the ADA.

8. The Commission provided Defendant notice of the charge of discrimination.

9. By letter dated August 21, 2021, the Commission issued to Defendant a Determination finding reasonable cause to believe that Defendant violated Title I of the ADA and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

10. The Commission communicated with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Determination.

11. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

12. By letter dated September 8, 2021, the Commission issued to Defendant notice that efforts to conciliate Mr. Hautala's charge were unsuccessful and that further conciliation efforts would be futile or non-productive.

13. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

14. Since at least October 2019, Jason Hautala has been a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8), who

COMPLAINT – 3

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 First Ave., Suite 400
Seattle, Washington 98104
Phone (206) 220-6884
Fax (206) 220-6911
TDD (206) 220-6882

could perform the essential functions of Defendant's Registered Nurse position with or without reasonable accommodation.

15. Since at least October 2019, Defendant has engaged in unlawful employment practices in violation of Sections 102(a) and 102(d)(3) of Title I of the ADA, 42 U.S.C. §§ 12112(a) and 12112(d)(3).  Defendant discriminated against Hautala, a qualified individual with a disability, when it withdrew a job offer conditioned on completion of a post-offer medical examination based on Hautala's actual or perceived disability.

16. In 2018, Hautala was involved in an accident resulting in a permanent injury to his leg. Hautala experiences constant pain, walks with a visible limp, cannot run and cannot sit or stand for prolonged periods of time. This leg impairment substantially limits his major life activities, including but not limited to walking and mobility.

17. Hautala had the requisite skill, background and education to work for Defendant as an RN. Before applying to work for Defendant, Hautala had twenty-three (23) years of experience as an RN holding leadership positions for the U.S. Army and for various hospitals and surgical centers. He performed a range of nursing duties in emergency rooms, intensive care units, critical care units and operating rooms.

18. In or around October 2018, Defendant's Talent Acquisition Specialist recruited Hautala to apply to become a Registered Nurse (RN) at Defendant's Short-Term Evaluation and Treatment Center located. The RN position Hautala sought was also referred to as a "Charge Nurse" because it would have required Hautala to oversee staff and manage day to day operations during his shift, in addition to providing direct care to patients.

19. Before applying for the RN position, Hautala requested and received a job description so he could ensure that his leg disability would not interfere with his ability to do the job. After reviewing the job description, Hautala informed the Talent Acquisition

COMPLAINT – 4

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 First Ave., Suite 400
Seattle, Washington 98104
Phone (206) 220-6884
Fax (206) 220-6911
TDD (206) 220-6882

Specialist that he had trouble with prolonged walking and standing and confirmed with her that it would still be appropriate for him to move forward with his application.

20. On October 12, 2019, Hautala submitted a Voluntary Self-Identification of Disability form that notified Respondent that he has a disability.

21. On October 16, 2019, Hautala interviewed in-person at the Shelton Center with Defendant's Program Administrator. During the interview, Hautala informed the Program Administrator that he was applying for the position, in part, because it was more sedentary than other RN positions. Hautala also disclosed that he had a leg injury that prevented him from standing for long periods and provided assurances that he could perform all essential functions for the position, but at times, would need a chair.

22. On November 8, 2019, Defendant extended Hautala a job offer contingent on Hautala passing a medical examination.

23. On November 12, 2019, Respondent conducted its pre-employment examination using Concentra Medical Centers (Concentra), a third-party medical provider. Hautala submitted a job description for the Concentra medical provider to review. The Concentra provider concluded that Hautala was medically qualified to perform all necessary job functions although he would require assistance with long periods of standing and walking.

24. Despite the medical clearance from Concentra, Defendant's Associate Director of Human Resources asked Hautala to submit an Interactive Process Medical Information Form and a copy of the job description to his primary care physician so Defendant could clarify whether Hautala could perform essential functions of the job with or without an reasonable accommodation.

25. Hautala submitted the form to his primary doctor, as requested. On November 22, 2019, Hautala's physician signed the form, which listed various limitations in Hautala's

COMPLAINT – 5

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 First Ave., Suite 400
Seattle, Washington 98104
Phone (206) 220-6884
Fax (206) 220-6911
TDD (206) 220-6882

ability to run, walk, sit and squat, and certified that Hautala could perform all essential functions of the job with a reasonable accommodation.

26. Unsatisfied with the two medical certifications it had received, Defendant convened a panel consisting of its Program Director, the Director of Human Resources and a Director of Nursing to continue investigating Hautala's abilities. Upon information and belief, the Program Director is a Clinical Social Worker and the Director of Human Resources does not have any medical training.

27. Respondent's panel called Hautala and described a series of hypothetical situations that might arise during employment, such as dropping to the floor to administer emergency patient care and restraining a violent patient, and asked Hautala whether he could handle them. Hautala insisted repeatedly that he could perform these tasks.

28. Defendant's panel disregarded Hautala's responses and the certifications of the medical professionals who had examined him and/or were familiar with his medical history and concluded that Hautala could not safely perform the RN position with or without a reasonable accommodation.

29. In making this determination, Defendant did not contact Hautala's treating physician or its third-party contractor to obtain additional information, did not request Hautala's medical records, and did not seek objective information regarding Hautala's physical capabilities.

30. On December 13, 2019, Defendant withdrew the conditional job offer and refused to hire Hautala.

31. Defendant violated Sections 102(a) and (d)(3) of Title I of the ADA, 42 U.S.C. § 12112(b)(5)(B) and (d)(3), by withdrawing its conditional job offer and refusing to hire Hautala because of his actual or perceived disability.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 First Ave., Suite 400
Seattle, Washington 98104
Phone (206) 220-6884
Fax (206) 220-6911
TDD (206) 220-6882

32. The effect of the practices complained of in paragraphs 14 through 31 above have been to deprive Hautala of equal employment opportunities and otherwise adversely affect his status as an employee because of his actual or perceived disability.

33. The unlawful employment practices complained of in paragraphs 14 through 31 above were and are intentional.

34. The unlawful employment practices complained of in paragraphs 14 through 31 above were done with malice or with reckless indifference to Hautala's federally protected rights.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which discriminates on the basis of disability.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Hautala by providing appropriate back pay with interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant to make whole Hautala by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 14 through 31 above, including past and future out-of-pocket losses, in amounts to be determined at trial.

E. Order Defendant to make whole Hautala by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in

COMPLAINT – 7

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

paragraphs 14 through 31 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F. Order Defendant to pay Hautala punitive damages for its malicious and/or reckless conduct, as described in paragraphs 14 through 31 above, in amounts to be determined at trial.

H. Grant such further relief as the Court deems necessary and proper in the public interest.

I. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated this 30th day of September, 2021

BY: */s/ Roberta L. Steele*
Roberta L. Steele
Regional Attorney
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
450 Golden Gate Ave, 5th Floor West
P.O. Box 36025
San Francisco, CA 94102
TEL: (650) 684-0939
roberta.steele@eeoc.gov

BY: */s/ Damien A. Lee*
Damien A. Lee
Supervisory Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Seattle Field Office
909 First Avenue, Suite 400
Seattle, WA  98104-1061
Telephone (206) 576-3038
damien.lee@eeoc.gov

GWENDOLYN YOUNG REAMS
Acting General Counsel

Office of the General Counsel
131 "M" Street NE
Washington, D.C. 20507

COMPLAINT – 8

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 First Ave., Suite 400
Seattle, Washington 98104
Phone (206) 220-6884
Fax (206) 220-6911
TDD (206) 220-6882

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

DATED this 30th day of September, 2021

*/s/ Rebecca Eaton*
REBECCA EATON
Paralegal Specialist
Equal Employment Opportunity Commission
909 First Ave., Suite 400
Seattle, Washington 98104
Telephone: 206-576-3028
Fax: 206-220-6911
Email: rebecca.eaton@eeoc.gov

COMPLAINT – 9

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882