The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>TELECARE MENTAL HEALTH SERVICES OF WASHINGTON, INC.,<br><br>Defendant. | NO. 2:21-cv-1339-BJR<br><br>**ORDER (1) DENYING PLAINTIFF'S MOTION TO STRIKE; AND**<br>**(2) ORDERING PARTIES TO MEDIATION** |

## I. INTRODUCTION

This matter comes before the Court on a Motion to Strike Affirmative Defense filed by Plaintiff Equal Employment Opportunity Commission ("EEOC"). EEOC seeks an order striking the Fifth Affirmative Defense in the Answer filed by Defendant Telecare Mental Health Services of Washington, Inc. ("Telecare"). Having reviewed the parties' briefs and supporting material filed in support of and opposition to the motion, the Court finds and rules as follows.

## II. BACKGROUND

The following facts appear to be generally undisputed. Plaintiff EEOC brought this lawsuit on behalf of charging party Jason Hautala. Compl. at 1. Hautala is a registered nurse, who in August 2018 was involved in an accident resulting in a permanent injury to his leg. *Id*. ¶ 16. In

1  2019, Hautala applied for a job with Telecare, and in November 2019 Telecare offered Hautala

2  the position conditioned on a medical examination. *Id*. ¶ 18. Telecare subsequently withdrew the

3  job offer. *Id*. ¶ 30.

4        On February 24, 2020, Hautala filed a "Charge of Discrimination" with the EEOC,

5  claiming Telecare had rescinded an offer of employment based upon a disability, in violation of

6  the Americans with Disabilities Act, 42 U.S.C. § 12101, *et. seq*. *See* Decl. of Elizabeth Cannon,

7  Ex. 1. A year and a half later, on August 12, 2021, EEOC issued a "Letter of Determination,"

8  asserting reasonable cause to believe Telecare had engaged in discrimination against Hautala, and

9  inviting "the parties to join with it in reaching a just resolution of this matter." Cannon Decl., Ex.

10  2. EEOC directed Telecare to contact it within seven days of the date of the letter. Telecare

11  requested a one-week extension to respond, and on August 25, 2021, EEOC sent Telecare "a

12  formal offer to conciliate" and "an initial demand." Decl. of Catherine Dacre, ¶¶ 4, 5. On

13  September 3, 2021, Telecare responded with a letter it claims "confirm[ed] its desire to conciliate

14  Mr. Hautala's claims and presented a counteroffer." *Id*. ¶ 7. According to Telecare, the

15  "counteroffer was communicated to the EEOC as an opening offer for negotiation purposes." *Id*.

16  On September 9, 2021, the EEOC responded with a "Notice of Conciliation Failure" letter, in

17  which the EEOC stated that "efforts to conciliate . . . have been unsuccessful." Cannon Decl., Ex.

18  3. The EEOC filed this lawsuit on September 30, 2021.

19                                **III.   DISCUSSION**

20    **A. Whether EEOC Is Entitled to Order Striking Defendant's Fifth Affirmative Defense**

21        Federal Rule 12(f) provides that a court may strike from a pleading any "insufficient

22  defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

23

24  ORDER RE: MOTION TO STIRKE

25    - 2

To show that a defense is "insufficient," "the moving party must demonstrate that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed." *Securities & Exchange Comm'n v. Sands*, 902 F.Supp. 1149, 1165 (C.D.Cal.1995). Motions to strike a defense as insufficient are often disfavored by federal courts "because of their somewhat dilatory and often harassing character," and "because of the limited importance of pleading in federal practice." *Rosen v. Masterpiece Mktg. Grp., LLC*, 222 F. Supp. 3d 793, 797 (C.D. Cal. 2016) (citing *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010)). A motion to strike is not an appropriate procedure for resolving "disputed and substantial factual or legal issue[s]," which are better brought under Federal Rules 12 or 56.[1] *Whittlestone*, 618 F.3d at 973.

The following is the affirmative defense that EEOC moves to strike, quoted in full:

### FIFTH AFFIRMATIVE DEFENSE
**(Failure to Exhaust Administrative Remedies)[2]**

While Plaintiff provided a determination letter ostensibly inviting conciliation, Plaintiff was wholly unresponsive to Defendant's counteroffer, and provided no reason nor factual basis for its decision not to respond to Defendant's counteroffer. For this and other reasons, Plaintiff's Complaint is barred, in whole or in part, by the failure to exhaust all administrative remedies, and/or to perform all conditions precedent to suit, including but not limited to conciliating in good faith the allegations at issue herein pursuant to 29 U.S.C. § 626(b). While Plaintiff provided a determination letter ostensibly inviting conciliation, Plaintiff was wholly unresponsive to Defendant's counteroffer, and provided no reason nor factual basis for its decision not to respond to Defendant's counteroffer. For this and other reasons, Plaintiff's Complaint is barred, in whole or in part, by the failure to exhaust all administrative remedies, and/or to perform all conditions precedent to suit, including but not limited to conciliating in good faith the allegations at issue herein pursuant to 29 U.S.C. § 626(b).

---

[1] The Court will not entertain EEOC's attempt in the alternative, improperly and inadequately raised for the first time in its Reply, to convert this motion to one for summary judgment.

[2] The affirmative defense is presumably based on Title VII of the Civil Rights Act of 1964, 78 Stat. 241, 42 U.S.C. § 2000e *et seq*., which sets out the multi-step procedure the EEOC must follow in enforcing a discrimination claim. One of those steps is that the EEOC "must try to remedy unlawful workplace practices through informal methods of conciliation" before filing suit. *Mach Mining, LLC v. E.E.O.C.*, 575 U.S. 480, 482 (2015).

ORDER RE: MOTION TO STIRKE

- 3

Def.'s Ans. to Compl. at p. 6.

EEOC argues the affirmative defense should be stricken for a number of reasons, including that this Court's power to review the conciliation process is narrow and does not extend to this case; and that the "undisputed" facts do not support Telecare's claim that EEOC failed to conciliate.

The Court declines to strike this affirmative defense. The allegations before the Court at this stage do not indisputably demonstrate that EEOC met its conciliation obligations. On the contrary, the facts show that the EEOC sent Telecare what amounts to a single "take it or leave it" offer (while apparently failing to advise Telecare that that is what it was), did not respond to Telecare's counteroffer, and unilaterally declared its conciliation efforts a failure. It is at the very least a matter of debate whether this exchange of letters can be characterized as a "discussion." *See Mach Mining, LLC v. E.E.O.C.*, 575 U.S. 480, 488 (2015) (conciliation efforts necessarily involve "consultation or discussion," and "communication between parties, including the exchange of information and views."). EEOC's reliance on *Mach Mining* for its argument that this Court lacks authority to evaluate the sufficiency of the conciliation is unavailing. That case makes clear that the scope of judicial review of the EEOC's conciliation efforts is narrow, but extends at least as far as is necessary to determine whether a conciliation in fact took place. *See Mach Mining*, 575 U.S. at 488 (statute gives courts authority to ascertain whether EEOC in fact "provide[d] the employer with an opportunity to discuss the matter in an effort to achieve voluntary compliance.").

Moreover, EEOC has failed to demonstrate that striking this defense is necessary to avoid prejudice or indeed, would serve much purpose at all. As noted above, motions to strike an

ORDER RE: MOTION TO STIRKE

- 4

"insufficient defense" are disfavored, and the plain language of the Rule suggests that striking material from a pleading is a remedy more aptly suited to more seriously offensive statements that are "impertinent" or even "scandalous." *See also Whittlestone*, 618 F.3d at 973 (purpose of rule is to avoid litigation of "spurious" issues); *California Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002) ("Given [the] disfavored status [of motions to strike], courts often require a showing of prejudice by the moving party before granting the requested relief.") (citations omitted). EEOC's claim of prejudice—that it will be forced to litigate issues concerning disclosure of potentially privileged communications—is little more than a concise description of a discovery dispute, not prejudice requiring the Court's protection.

Finally, EEOC argues that the affirmative defense does not meet the pleading standard set out in Federal Rule 9(c), which provides that "when denying that a condition precedent has occurred or been performed, a party must do so with particularity." Given that the Court has denied EEOC's motion to strike details regarding Telecare's conditions precedent defense, including the specifics of the claimed insufficiency of conciliation, the pleading meets the Rule 9(c) particularity standard.

Therefore, the Court hereby DENIES EEOC's Motion to Strike.

**B. The Parties Are Ordered to Mediation**

While the EEOC's Motion to Strike lacks merit, it has brought to the Court's attention that this case may benefit from early mediation of the dispute. As Telecare represented in its opposition brief, after receiving EEOC's Determination letter, it "was a party ready and willing to engage in negotiations." Opp. at 8. Similarly, as the EEOC acknowledges in its motion, for any

failure to conciliate, "the appropriate remedy would be a stay of proceedings to permit an attempt at conciliation." Mot. at 8 (citing *Arizona ex rel. Horne v. Geo Grp., Inc.*, 816 F.3d 1189, at 1199 (9th Cir. Mar. 14, 2016)).

Based on both parties' representations, the Court is of the hope that given a chance to engage in negotiations, the parties might come to an agreement in resolution of this dispute. Therefore, the Court hereby ORDERS the parties to mediation with U.S. Magistrate Judge Michelle Peterson. The parties shall, within 7 days of the date of this order, jointly contact in-court deputy Tim Farrell at tim_farrell@wawd.uscourts.gov to schedule a mediation. Such mediation shall take place at the earliest possible date, but in any event no later than 45 days from the date of this order. Within 14 days of the mediation taking place, the parties shall prepare and file a Notice with the court, advising the Court (1) whether or not mediation was successful; and (2) if it was not, providing a revised Joint Status Report, including any revisions to dates or other information provided in Dkt No. 20.

### IV.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Strike is DENIED. In addition, the parties are ORDERED to mediation as set forth above.

DATED this 28th day of March, 2022.

Barbara J. Rothstein
U.S. District Court Judge

ORDER RE: MOTION TO STIRKE

- 6