UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>TELECARE MENTAL HEALTH SERVICES OF WASHINGTON, INC.,<br><br>Defendant. | No. 2:21-cv-01339-BJR<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO COMEPL** |

On February 14, 2023, the Court held a hearing by videoconference on a motion brought by Defendant Telecare Mental Health Services of Washington, Inc. ("Defendant"). The motion seeks to compel Plaintiff Equal Employment Opportunity Commission ("Plaintiff") to produce Claimant Jason Hautala's unredacted medical records in possession of his primary treating physician, Andrew Patel, M.D. Although Defendant had previously agreed not to seek discovery related to Claimant's mental health, that agreement was based on Plaintiff's representation that its emotional distress claims were based only on so-called "garden variety" emotional distress. During his recent deposition, however, Claimant made statements indicating he had suffered from mental distress, the severity of which very clearly placed his emotional distress claims beyond the realm of the "garden variety." Having done so, Claimant has effected a limited waiver of his right to

ORDER GRANTING MOTION TO COMPEL - 1

medical privacy. *See Equal Emp. Opportunity Comm'n v. Big Five Corp.*, 2018 WL 2317613, at *4 (W.D. Wash. May 22, 2018) ("[C]ourts have generally found a waiver when the plaintiff has done more than allege "garden-variety" emotional distress."), and cases cited therein. The Court, accordingly, orders Plaintiff to produce Dr. Patel's unredacted medical records related to Claimant's November 19, 2019 visit.

The Court notes that Defendant's motion to compel could and should have been brought immediately after Claimant's deposition, not after the close of fact discovery. Thus, the Court limits its order to produce Dr. Patel's medical records related to Claimant's November 19, 2019 visit only, and will not consider ordering additional discovery based on Claimant's deposition testimony. In addition, the Court explicitly orders counsel to maintain the records produced subject to the "attorneys' eyes only" confidentiality outlined in the parties' stipulated protective order.

SO ORDERED.

Dated: February 15, 2023.

_____
Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER GRANTING MOTION TO COMPEL - 2