1

2

3

4

5

6

7

8

9

10

11

12

13

14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,
                      Plaintiff,
        v.
TELECARE MENTAL HEALTH
SERVICES OF WASHINGTON, INC.,
                      Defendant.

No.  2:21-cv-01339-BJR

**ORDER ON PATEL DEPOSITION
DESIGNATIONS**

15

16

        The Court has reviewed the parties' designations, counter-designations, and objections

thereto, related to the deposition of Andrew Patel, and rules as follows.

17

18

        The Court sustains Defendant's objection, first articulated at page 2 of the REVISED

designations, which states as follows:

19

20

21

22

23

24

25

26

        Here, Dr. Patel testifies that he would review a patient's "medical records,
historical medical records when reviewing their disease process" in his
"determination of whether that patient was capable of perform their job." In
discovery, and before Defendant knew how Plaintiff intended to rely on Dr. Patel's
medical records as a substitute for personal knowledge for his medical opinions at
trial, Plaintiff unilaterally redacted significant portions of Hautala's medical
records, after the 8/04/18 leg injury, in his visits with Dr. Patel on 11/13/18,
11/29/18, 5/20/19 and 11/19/19. (EEOC_0000724-770).

        Plaintiff should not be allowed to withhold the majority of Hautala's
medical records (via redactions) on the one hand, and then present testimony that
these records were the basis for Dr. Patel's personal knowledge of Hautala's leg
condition on the other. At a minimum, Defendant should be permitted to view what

ORDER RE PATEL DEPOSITION - 1

the EEOC has unilaterally decided to redact (and would designate as "Attorney's Eyes Only" if unredacted) for content and completeness. What the EEOC, as the Plaintiff, may feel is relevant may not be the same as Defendant or the Court. And, if the medical records as redacted are ultimately allowed, the jury should be instructed that it may assume that nothing under the redactions (1) relates to Hautala's leg injury or (2) shows that Dr. Patel ever examined Mr. Hautala's leg.

The Court rules that to the extent Plaintiff intends to present to the jury any testimony by Patel that is based on information in Hautala's medical records, Plaintiff shall produce to Defendant, for Attorney's Eyes Only, those previously redacted portions of Hautala's medical records.

With this single exception, all other objections are overruled. However, multiple portions of the deposition are indeed repetitive, and while recognizing that each party has the right to present admissible evidence it believes most persuasively makes its case, the Court strongly cautions the parties that a jury's patience is not unlimited.

SO ORDERED. Dated:  March 5, 2024.

_____
Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER RE PATEL DEPOSITION - 2