UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>            Plaintiff,<br>v.<br><br>TELECARE MENTAL HEALTH SERVICES OF WASHINGTON, INC.,<br>            Defendant. | No. 2:21-cv-01339-BJR<br><br>**ORDER GRANTING MOTION TO RETAX COSTS** |

This matter comes before the Court on the Motion to Retax Costs filed by Plaintiff Equal Employment Opportunity Commission ("EEOC"), brought under Local Civil Rule 54(d)(4).[1] Dkt. No. 177. EEOC requests a retaxing of costs awarded to Defendant Telecare Mental Health Services of Washington, Inc. ("Telecare"), which prevailed at trial. EEOC challenges in particular the award of $8,883.50 for "Fees for ESI [(electronically stored information)] Hosting, Processing & Mgmt." *See* Taxation of Costs, Dkt. No. 176.[2] In allowing that amount, the Clerk noted that "Data Intake and Mgmt (Tier 1 & 2) are taxable ($8,883.50) . . . All other costs for

---

[1] "The taxation of costs by the clerk shall be final, unless modified on appeal to the district court judge or magistrate judge to whom the case was assigned. An appeal may be taken by filing a motion to retax which shall be filed and served within seven days after costs have been taxed and which shall specify the ruling(s) of the clerk to which the party objects."

[2] Telecare requested $17,473.50 for "Fees for ESI Hosting, Processing & Mgmt."; the Clerk disallowed $8,590 of that.

ORDER RE MOTION TO RETAX COSTS

hosting, load, and user fees are not taxable." *Id*. (citing *Allvoice Devs. U.S. LLC v. Microsoft Corp.*, No. C10-2102 RAJ, 2015 WL 12659928, at *2 (W.D. Wash. July 15, 2015)).

      Under 28 U.S.C. § 1920(4), certain electronic discovery costs may be appropriately taxed, but only for "making copies of any materials where the copies are necessarily obtained for use in the case." *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 914, 925 (9th Cir. 2015)). The Ninth Circuit has observed that "the scope of taxable costs is narrow and 'limited to relatively minor, incidental expenses,'" and with respect to electronic discovery, it has parsed out fairly carefully which costs may be allowable and which are not. *Allvoice Devs*., 2015 WL 12659928, at *3 (citing *In re Online*, 779 F.3d at 926, 929-32) ("[T]he Ninth Circuit has held that tasks such as optical character recognition ("OCR") and converting to TIFF format are taxable, while other activities, such as uploading to a third-party database or "keyword" searching are not."); *see also id.* and cases cited therein (*e.g.,* "*Finnerty v. Stiefel Labs., Inc.*, 900 F. Supp. 2d 1317, 1321 (S.D. Fla. 2012) (refusing to award the costs of an electronic database); *Johnson v. Allstate Ins. Co.*, 2012 WL 4936598, at *6 (S.D. Ill. Oct. 16, 2012) (refusing to award costs for creation of litigation database, processing of ESI, extraction of metadata, de-duplication, electronic data hosting, or preparation for production of ESI, but awarding costs for converting documents into a word-searchable format, and creation of TIFF images, hard copy productions, graphics, and deposition transcripts")).

      According to EEOC, Telecare has failed to adequately itemize costs that were taxed as "data intake and management," making it impossible to tell whether those costs can be attributed to the making of copies "necessarily obtained for use in the case," which are allowable, or are merely costs associated with "generalized electronic data processing, management and hosting," which are not. Mot. at 2. In its original Motion for Costs, Telecare submitted the declaration of

ORDER RE MOTION TO RETAX COSTS

its attorney, Yoon-Woo Nam, along with (among other documents) what Nam describes as "a table itemizing the charges paid by Telecare to host and maintain the electronic discovery productions in this action." Nam Decl., Ex. C, 161-3. The table in essence lists multiple monthly charges for "Relativity Data Hosting" and "Data Intake and Management," with little additional detail provided either with the original motion, or in opposition to the instant one.

      The Court agrees that this information is insufficient to allow the Court to discern whether Telecare's costs associated with electronic discovery are allowable under § 1920(4) or not. Simply averring, as Telecare does, that all of the requested expenses are "associated with the ingestion and management of data for review and production of electronic documents in this case," Quinn Decl., ¶ 4, is inadequate given the Ninth Circuit authority cited above. Accordingly, EEOC's Motion to Retax Costs is GRANTED. The Court hereby reduces previously awarded costs by $8,883.50.

      SO ORDERED. Dated:  December 31, 2024.

*[signature]*

Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER RE MOTION TO RETAX COSTS